UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL L. SANDERS,<br><br>                    Petitioner,<br><br>    v.<br><br>CLARK COUNTY JAIL, KRISTINE DUNCAN, GREGORY HARVEY,<br><br>                    Respondents. | No. C14-5913 RJB-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: December 12, 2014** |

Petitioner Daniel L. Sanders filed a petition for writ of habeas corpus and a motion for leave to proceed in forma pauperis (IFP) on November 17, 2014. Dkt. 1. The undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state judicial remedies and the IFP application denied as moot.

**DISCUSSION**

On the first page of his petition, Mr. Sanders states that he was convicted of possession of a controlled substance on November 17, 2014 and that he has not yet been sentenced. Dkt. 1-1, p. 1. In the second page of his petition, Mr. Sanders states that November 17, 2014 is his trial date. Mr. Sanders also states that he has not filed an appeal.

While it is not clear whether Mr. Sanders has, in fact, been convicted, it is clear that Mr. Sanders has filed this habeas petition prematurely. Mr. Sanders may pursue federal habeas relief

REPORT AND RECOMMENDATION  - 1

only after he has exhausted his state judicial remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

## CONCLUSION

The undersigned recommends that the petition (Dkt. 1) be **dismissed without prejudice** to the filing of a federal habeas petition after Mr. Sanders has exhausted his state judicial remedies**.**  An evidentiary hearing is unnecessary.  The Court also recommends **DENYING** issuance of a certificate of appealability.  Petitioner's IFP application should also be **denied.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 12, 2014**, as noted in the caption.

**DATED** this  21st   day of November, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION  - 2